UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>     Defendants. | Case No. 1:25-cv-12162 |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

In advance of the scheduled argument in the above-captioned action, Plaintiffs respectfully submit additional materials on which they may rely and that may assist the Court in considering the motion *sub judice*.

Plaintiffs submit the April 18, 2026, opinion and judgment in *Oregon v. Kennedy*, No. 6:25-cv-02409, Doc. No. 93 (D. Or. Apr. 18, 2026), in further support of their arguments that the challenged Directives injure Plaintiff States and are reviewable under the Administrative Procedure Act and the Tenth Amendment. *See* Doc. No. 83 at 17. A copy of the judgment is attached as **Exhibit 1**, and the opinion is attached as **Exhibit 2.**

Plaintiff States challenged under the Administrative Procedure Act a declaration by Secretary Kennedy that threatened to investigate and exclude providers of gender-affirming care from the federal Medicaid and Medicare programs. On Saturday, April 18, 2026, the District of Oregon set aside and enjoined the government's reliance on the challenged declaration. Ex. 1. The court found that providers' suspension of services in response to the declaration harmed state interests in the provision of gender-affirming care as part of their Medicaid Programs, and that the

1

declaration represented "a direct intrusion on [States'] power to regulate the medical profession," supporting both injury to the States and ripeness. *Id.* at 28–30. The court further held that the declaration by Secretary Kennedy constituted final agency action and was therefore reviewable under the APA. Finding for Plaintiffs on the merits of their APA claims that the declaration exceeded the agency's authority and was not in accordance with law, the court issued declaratory relief that "Defendants lack the authority to unilaterally establish standards of care that supersede professionally recognized standards of care for provision of gender-affirming care recognized in the Plaintiff States."

Plaintiffs also submit the transcript of oral argument on Boston Children's Hospital's (BCH) Motion to Quash its DOJ subpoena, *In Re: Administrative Subpoena No. 25-1431-019*, No. 1:25-mc-91324-MJJ (D. Mass. Aug. 27, 2025), a case referenced in the Plaintiffs' Opposition to Defendants' Motion to Dismiss, Doc. No. 86 at 9. The transcript was filed by the government last week on April 15, 2026, as part of its Joint Appendix in its appeal. *In Re: Administrative Subpoena No. 25-1431-019*, No. 25-2092, Doc. No. 108432745 at App. 45–95 (1st Cir. Apr. 15, 2026). A copy of the transcript is attached as **Exhibit 3**.

In the transcript, DOJ confirmed the investigation of possible FDCA violations and the issuing of subpoenas was an effort to stop gender-affirming care: "[T]he executive branch wants to reduce or eliminate gender-related care to minors, especially the medicalized gender-related care to minors that this investigation is about …. [T]hat's exactly what this investigation is about …." Ex. 3 at 25:2–26:4. DOJ further stated on the record that the Bondi memorandum challenged in this case was the only basis for the subpoena that had been issued to BCH. *Id.* at 27:10–14.

Plaintiffs also submit this court's recent opinion in *Bowser v. Noem*, 2026 WL 555624 (D. Mass. Feb. 27, 2026), which is relevant to Plaintiffs' arguments regarding finality, Doc. No. 86 at 24–26. A copy of the opinion is attached as **Exhibit 4**.

In *Bowser*, this Court considered a challenge to the failure by the Department of Homeland Security to adjudicate an application for asylum benefits pursuant to agency policy, contained in two memoranda issued at the direction of an executive order, placing an indefinite hold on adjudicating applications for asylum from citizens from certain countries designated as posing a risk to national security. In considering whether the agency's policy met the first prong of the *Bennett* test for finality under the APA, the Court rejected the argument that the action did not represent the "consummation" of the agency's decisionmaking because it might make additional changes to the policy in the future, or because the petitioners' individual applications had yet to be adjudicated. *Id.* at *5. This Court found the policy satisfied the second prong in the *Bennett* test for finality in light of the "very serious consequences" on the plaintiffs of the indefinite hold. *Id.* at *6.

Plaintiffs also submit a Recommendation of United States Magistrate Judge filed in *Department of Justice Administrative Subpoena No. 25-1431-030*, No. 1:25-mc-00063, Doc. No. 35 (D. Colo. Jan. 5, 2026), another case referenced in the Plaintiffs' Opposition, Doc. No. 86 at 10 n.6. A copy of the court's Recommendation is attached as **Exhibit 5**.

Following all other courts to have addressed motions to quash subpoenas issued by DOJ pursuant to the Directives challenged in this case,[1] the court recommended quashing the subpoena. Ex. 4 at 22 (finding the investigation illegitimate and an effort to end gender-affirming care for

---

[1] Doc. Nos. 86 at 9–10; 88; 91.

3

adolescents). Should the assigned district judge adopt the Recommendation, plaintiffs will have prevailed in all DOJ subpoena challenges known to Plaintiffs, save for one that settled.[2]

Plaintiffs also submit *American Academy of Pediatrics v. Kennedy*, No. 25-cv-11916, 2026 WL 733828 (D. Mass. Mar. 16, 2026), a decision addressing the merits of a case previously the subject of a notice to this Court. *See* Doc. No. 89 (attaching *Am. Acad. Peds. v. Kennedy*, No. 1:25-cv-11916, Doc. No. 168 (D. Mass. Jan. 6, 2026)). A copy of the decision is attached as **Exhibit 6.**

The court held that the challenged memorandum altering the CDC's vaccine schedule satisfied the second prong of the *Bennet* test because it has the "coercive effect of exposing healthcare providers to civil liability," "determine[s] patients' entitlement to care," and poses a risk of "catastrophic losses of funding [to States] if they fail to follow the CDC's recommendations." Ex. 6 at 7 (cleaned up). The court further rejected the argument that the challenged memorandum was "committed to agency discretion," finding no authority that this was the type of regulatory power that had been "'traditionally' recognized as committed to agency discretion," and that the enabling statutes provided adequate benchmarks against which to assess the memo's reasonability. *Id.* at 9.

Plaintiffs also submit *Dep't of Homeland Sec. v. Regents of Univ. of Cal.*, 591 U.S. 1 (2020), which provides additional support countering the argument in Defendants' Reply Memorandum In Further Support of Motion to Dismiss, Doc. No. 90, that "broad and general enforcement decisions" are not reviewable under the APA. *Id.* at 18. A copy is attached as **Exhibit 7.**

---

[2] Plaintiffs are aware of five appeals of those district court orders. *See QueerDoc, PLLC, v. U.S. Dep't of Justice*, No. 25-7384 (9th Cir.); *In Re: Administrative Subpoena No. 25-1431-019*, No. 25-2092 (1st Cir.); *In re: Administrative Subpoena No. 25-1431-014*, No. 26-1134 (3d Cir.); *In re: 2025 UPMC Subpoena*, Nos. 26-1401, 26-1545 (3d Cir.); *In re: 2025 Subpoena to Children's Nat'l Hospital*, No. 26-1104 (4th Cir.)

At issue in *Regents* was an order by the U.S. Attorney General and an implementing memorandum issued by the Acting Secretary of the Department of Homeland Security terminating the "Deferred Action for Childhood Arrivals" policy, which had been instituted by the previous administration. In finding the Attorney General's order and the Secretary's memorandum reviewable, the Supreme Court drew a distinction between discretionary agency policies not to enforce the law, like the policy at issue in *Heckler v. Cheney*, 470 U.S. 821 (1985) cited by Defendants in this case (Doc. Nos. 82 at 18 & 90 at 12–13), and the enforcement directives at issue: "the [rescinded] DACA Memorandum does not announce a passive non-enforcement policy; it created a program for conferring affirmative immigration relief. The creation of that program— and its rescission—is an 'action [that] provides a focus for judicial review.'" *Regents*, 591 U.S. at 17–18.

Dated: April 20, 2026

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth of Massachusetts
By: */s/ Adam M. Cambier*
Adam M. Cambier (BBO No. 690525)
   Assistant Attorney General
Allyson Slater (BBO No. 704545)
   Director, Reproductive Justice Unit
Chloe Cable (BBO No. 708179)
Morgan Carmen (BBO No. 716769)
Jak Kundl (BBO No. 713951)
   Assistant Attorneys General
One Ashburton Place
Boston, MA 02108
(617) 963-2278
adam.cambier@mass.gov
allyson.slater@mass.gov
chloe.cable@mass.gov
morgan.carmen@mass.gov
jak.kundl@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**ROB BONTA**
Attorney General of the State of California
By: */s/ Hilary A. Burke Chan*
Hilary A. Burke Chan*
   Deputy Attorney General
Neli Palma*
   Senior Assistant Attorney General
Nimrod Pitsker Elias*
   Supervising Deputy Attorney General
Crystal Adams*
   Deputy Attorney General
1515 Clay Street, Suite 2000
Oakland, CA 94612
(510) 879-3096
Hilary.Chan@doj.ca.gov

*Counsel for the State of California*

**LETITIA JAMES**
Attorney General of the State of New York
By: */s/ Galen Sherwin*
Galen Sherwin*
   Special Counsel, Reproductive Rights
Travis W. England*
   Deputy Chief, Civil Rights Bureau
Rabia Muqaddam*
   Chief Counsel for Federal Initiatives
Elizabeth A. Brody*
   Assistant Solicitor General
Andres Ivan Navedo*
Zoe Ridolfi-Starr*
Stephanie Torre*
   Assistant Attorneys General
28 Liberty St.
New York, NY 10005
(212) 416-8000
Galen.sherwin@ag.ny.gov
Travis.england@ag.ny.gov
Rabia.muqaddam@ag.ny.gov
Elizabeth.brody1@ag.ny.gov
Ivan.navedo@ag.ny.gov
Zoe.ridolfi-starr@ag.ny.gov
Stephanie.torre@ag.ny.gov

*Counsel for the State of New York*

**WILLIAM TONG**
Attorney General of the State of Connecticut
By: */s/ Janelle R. Medeiros*
Janelle R. Medeiros*
   Special Counsel for Civil Rights
By: */s/ Emily Gait*
Emily Gait*
   Co-Special Counsel for Reproductive Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Emily.gait@ct.gov
Janelle.Medeiros@ct.gov

*Counsel for the State of Connecticut*

**KWAME RAOUL**
Attorney General of the State of Illinois
By: */s/ Aleeza Strubel*
Aleeza Strubel*
  Complex Litigation Counsel, Special
Litigation Bureau
Abigail R. Durkin*
  Assistant Attorney General II, Special
Litigation Bureau
115 S. LaSalle Street, 35th Floor
Chicago, IL 60603
(773) 914-3046
Aleeza.Strubel@ilag.gov
Abigail.Durkin@ilag.gov

*Counsel for the State of Illinois*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware
By: */s/ Vanessa L. Kassab*
Ian R. Liston*
  Director of Impact Litigation
Vanessa L. Kassab*
  Deputy Attorney General
Jennifer Kate Aaronson*
  Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
Jennifer.aaronson@delaware.gov

*Counsel for the State of Delaware*

**BRIAN L. SCHWALB**
Attorney General of the District of
Columbia
By: */s/ Samantha Hall*
Samantha Hall*
  Assistant Attorney General
400 Sixth Street, N.W.
Washington, DC 20001
(202) 788-2081
samantha.hall@dc.gov

*Counsel for the District of Columbia*

**ANNE E. LOPEZ**
Attorney General of the State of Hawai'i
By: */s/ Kaliko'onālani D. Fernandes*
David D. Day*
  Special Assistant to the Attorney General
Kaliko'onālani D. Fernandes*
  Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawai'i*

**AARON M. FREY**
Attorney General of the State of Maine
By: */s/ Vivian A. Mikhail*
Vivian A. Mikhail*
  Deputy Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
vivian.mikhail@maine.gov

*Counsel for the State of Maine*

**ANTHONY G. BROWN**
Attorney General of the State of Maryland
By: */s/ Keith M. Jamieson*
Keith M. Jamieson*
  Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6960
kjamieson@oag.state.md.us

*Counsel for the State of Maryland*

7

**DANA NESSEL**
Attorney General of the State of Michigan
By: */s/ Neil Giovanatti*
Neil Giovanatti*
Daniel Ping*
  Assistant Counsel General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
PingD@michigan.gov

*Counsel for the State of Michigan*

**AARON D. FORD**
Attorney General of the State of Nevada
By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
  Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
(702) 486-2496
HStern@ag.nv.gov

*Counsel for the State of Nevada*

**JENNIFER DAVENPORT**
Acting Attorney General of the State of New Jersey
By: */s/ Lauren E. Van Driesen*
Lauren E. Van Driesen*
Bryce K. Hurst*
  Deputy Attorneys General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5279
Lauren.VanDriesen@law.njoag.gov
Bryce.Hurst@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of the State of New Mexico
By: */s/ Amy Senier*
Amy Senier (BBO No. 672912) *
  Senior Counsel
408 Galisteo Street
Santa Fe, NM 87501
(505) 490-4060
asenier@nmdoj.gov

*Counsel for the State of New Mexico*

**JOSH SHAPIRO**
In his official capacity as Governor of the Commonwealth of Pennsylvania
By: */s/ Aimee D. Thomson*
Jennifer Selber*
  General Counsel
Aimee D. Thomson*
  Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Governor Josh Shapiro*

**PETER F. NERONHA**
Attorney General of Rhode Island
By: */s/ Kathryn T. Gradowski*
Kathryn T. Gradowski*
  Special Assistant Attorney General
Julia C. Harvey*
  Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
kgradowski@riag.ri.gov
jharvey@riag.ri.gov

*Counsel for the State of Rhode Island*

8

**JOSHUA L. KAUL**
Attorney General of the State of Wisconsin          *Pro hac vice granted
 By: */s/ Jody J. Schmelzer*
Jody J. Schmelzer*
   Assistant Attorney General
17 West Main Street
Post Office Box 7857
Madison, Wisconsin 53707
(608) 266-3094
jody.schmelzer@wisdoj.gov

*Counsel for the State of Wisconsin*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed this Motion with the Court's Electronic Court Filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.


April 20, 2026                                          /s/ _Andres Ivan Navedo_
                                                       Andres Ivan Navedo