UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-12162 |

**[PROPOSED] SCHEDULING ORDER**

In accordance with the Court's June 6, 2026, Notice of Scheduling Conference, ECF No. 106, counsel for the parties have conferred and jointly propose the schedule below. Subject to the Court's approval, the parties agree to dispense with the scheduling conference currently set for June 26, 2026, and respectfully propose the following deadlines:

A.  **Pleadings and Amendments**

Plaintiffs do not anticipate seeking leave to amend the Complaint. Defendants' Answer to the Complaint shall be due **July 24, 2026**.[1]

Should Plaintiffs' plans change, any motion seeking leave to amend or supplement the Complaint shall be filed by **July 3, 2026**, and the briefing schedule below will be vacated and renegotiated.

---

[1] The proposed deadline for Defendants' Answer would be an extension of the default deadline of June 17, 2026, *see* ECF No. 105; Fed. R. Civ. P. 12(a)(4)(A), which Defendants respectfully seek given the length of the Complaint, which spans 246 paragraphs over 75 pages, and to which Plaintiffs consent in consideration of Defendants' agreement to earlier production of the Administrative Record, on July 10, 2026, as proposed herein.

B. **Administrative Record and Propriety of Discovery**

The parties disagree about the propriety of discovery in this case, although they agree that it is unnecessary to resolve that dispute at this time.

For Counts 1–3 of the Complaint, the parties agree that this is "an action for review on an administrative record" exempt from Federal Rule of Civil Procedure 26's ordinary requirement to confer and develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting "an action for review on an administrative record" from initial disclosure obligations); Fed. R. Civ. P. 26(f)(1)–(3) (exempting such actions from the requirement to confer and develop a proposed discovery plan). As is typical in such actions, the parties anticipate that those Counts will be resolved on cross-motions for summary judgment, and they propose a schedule for production of the administrative record and briefing below in Section D.

As for Count 4, the parties disagree as to the propriety of discovery, though they agree that this Count may also be resolved through cross-motions for summary judgment on the same schedule proposed below for Counts 1–3.

In Defendants' view, Count 4 is also part of "an action for review on an administrative record" exempt from the ordinary Rule 26 requirements noted above. *See, e.g.*, 5 U.S.C. 706(2)(C) (authorizing courts to set aside agency action found to be "contrary to constitutional right, power, privilege, or immunity"). It is black-letter law that, in such cases, review is ordinarily confined to the administrative record, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985), and extra-record discovery is rarely appropriate, *see, e.g.*, *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (requiring "a strong showing of bad faith or improper behavior" before extra-record discovery is permitted). Instead, if the challenged action "is not sustainable on the

administrative record made, then the . . . decision must be vacated and the matter remanded to [the agency] for further consideration." *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (per curiam).

It is Plaintiffs' position that because Count 4 arises not under the APA but under the United States Constitution, and lies against the President as well as the agency Defendants, Count 4 is not exempt from Rule 26 disclosures and Plaintiffs are entitled to seek discovery. Accordingly, Plaintiffs reserve their right under the APA and pursuant to their Tenth Amendment claim to request discovery, supplementation of the record, or extra-record discovery, should the record prove inadequate.

In any event, the parties agree that it is unnecessary to resolve this dispute at this time and jointly propose the following schedule for production of the administrative record and any associated motion practice:

1. Defendants will produce the administrative record by **July 10, 2026.**

2. If Plaintiffs decide to seek completion or supplementation of the administrative record or extra-record discovery, any such motion shall be filed by **July 24, 2026**, and the briefing schedule below will be vacated and renegotiated.[2]

C. **Status Conference**

Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

---

[2] Should discovery nevertheless be authorized, Defendants respectfully reserve all available appellate options.

D. **Dispositive Motions**

As noted in Section B, above, the parties agree that this matter may be resolved through cross-motions for summary judgment. Pursuant to ¶ D.2 of the Court's standing order regarding motion practice, the parties therefore propose the following schedule for cross-motions:

1. Defendants' Memorandum in Support of Summary Judgment shall be due **August 14, 2026** [no more than 20 pages]

2. Plaintiffs' Memorandum in Support of Summary Judgment and Opposition to Defendants' Motion for Summary Judgment shall be due **30 days** later, on **September 14** [no more than 30 pages]

3. Defendants' Reply and Opposition shall be due **21 days** later, on **October 5** [no more than 15 pages]

4. Plaintiffs' Reply shall be due **14 days** later, on **October 19** [no more than 5 pages]

E. **Trial by Magistrate Judge**:

The parties do not consent to trial by magistrate judge at this time.

**SO ORDERED.**

Dated:                                             /s/ _____
                                                   Hon. Angel Kelley
                                                   United States District Judge

Respectfully submitted,

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth of Massachusetts
By: */s/ Allyson Slater*
Allyson Slater (BBO No. 704545)
  Director, Reproductive Justice Unit
Adam M. Cambier (BBO No. 690525)
  Assistant Attorney General
Chloe Cable (BBO No. 708179)
Morgan Carmen (BBO No. 716769)
Jak Kundl (BBO No. 713951)
  Assistant Attorneys General
One Ashburton Place
Boston, MA 02108
(617) 963-2278
adam.cambier@mass.gov
allyson.slater@mass.gov
chloe.cable@mass.gov
morgan.carmen@mass.gov
jak.kundl@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**ROB BONTA**
Attorney General of the State of California
By: */s/ Hilary A. Burke Chan*
Hilary A. Burke Chan*
  Deputy Attorney General
Neli Palma*
  Senior Assistant Attorney General
Nimrod Pitsker Elias*
  Supervising Deputy Attorney General
Crystal Adams*
  Deputy Attorney General
1515 Clay Street, Suite 2000
Oakland, CA 94612
(510) 879-3096
Hilary.Chan@doj.ca.gov

*Counsel for the State of California*

**LETITIA JAMES**
Attorney General of the State of New York
By: */s/ Galen Sherwin*
Galen Sherwin*
  Special Counsel, Reproductive Rights
Travis W. England*
  Deputy Chief, Civil Rights Bureau
Rabia Muqaddam*
  Chief Counsel for Federal Initiatives
Elizabeth A. Brody*
  Assistant Solicitor General
Andres Ivan Navedo*
Zoe Ridolfi-Starr*
Stephanie Torre*
  Assistant Attorneys General
28 Liberty St.
New York, NY 10005
(212) 416-8000
Galen.sherwin@ag.ny.gov
Travis.england@ag.ny.gov
Rabia.muqaddam@ag.ny.gov
Elizabeth.brody1@ag.ny.gov
Ivan.navedo@ag.ny.gov
Zoe.ridolfi-starr@ag.ny.gov
Stephanie.torre@ag.ny.gov

*Counsel for the State of New York*

**WILLIAM TONG**
Attorney General of the State of Connecticut
By: */s/ Janelle R. Medeiros*
Janelle R. Medeiros*
  Special Counsel for Civil Rights
By: */s/ Emily Gait*
Emily Gait*
  Co-Special Counsel for Reproductive Rights
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Emily.gait@ct.gov
Janelle.Medeiros@ct.gov

*Counsel for the State of Connecticut*

**KWAME RAOUL**
Attorney General of the State of Illinois
By: */s/ Aleeza Strubel*
Aleeza Strubel*
  Complex Litigation Counsel, Special
Litigation Bureau
Abigail R. Durkin*
  Assistant Attorney General II, Special
Litigation Bureau
115 S. LaSalle Street, 35th Floor
Chicago, IL 60603
(773) 914-3046
Aleeza.Strubel@ilag.gov
Abigail.Durkin@ilag.gov

*Counsel for the State of Illinois*

**KATHLEEN JENNINGS**
Attorney General of the State of Delaware
By: */s/ Vanessa L. Kassab*
Ian R. Liston*
  Director of Impact Litigation
Vanessa L. Kassab*
  Deputy Attorney General
Jennifer Kate Aaronson*
  Deputy Attorney General
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov
Jennifer.aaronson@delaware.gov

*Counsel for the State of Delaware*

**BRIAN L. SCHWALB**
Attorney General of the District of
Columbia
By: */s/ Samantha Hall*
Samantha Hall*
  Assistant Attorney General
400 Sixth Street, N.W.
Washington, DC 20001
(202) 788-2081
samantha.hall@dc.gov

*Counsel for the District of Columbia*

**ANNE E. LOPEZ**
Attorney General of the State of Hawaiʻi
By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
  Special Assistant to the Attorney General
Kalikoʻonālani D. Fernandes*
  Solicitor General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

**AARON M. FREY**
Attorney General of the State of Maine
By: */s/ Vivian A. Mikhail*
Vivian A. Mikhail*
  Deputy Attorney General
6 State House Station
Augusta, ME 04333
(207) 626-8800
vivian.mikhail@maine.gov

*Counsel for the State of Maine*

**ANTHONY G. BROWN**
Attorney General of the State of Maryland
By: */s/ Keith M. Jamieson*
Keith M. Jamieson*
  Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD 21202
(410) 576-6960
kjamieson@oag.state.md.us

*Counsel for the State of Maryland*

**DANA NESSEL**
Attorney General of the State of Michigan
By: */s/ Neil Giovanatti*
Neil Giovanatti*
Daniel Ping*

   Assistant Counsel General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
PingD@michigan.gov

*Counsel for the State of Michigan*

**AARON D. FORD**
Attorney General of the State of Nevada
By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
   Solicitor General
Office of the Nevada Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, NV 89119
(702) 486-2496
HStern@ag.nv.gov

*Counsel for the State of Nevada*

**JENNIFER DAVENPORT**
Acting Attorney General of the State of New Jersey
By: */s/ Lauren E. Van Driesen*
Lauren E. Van Driesen*
Bryce K. Hurst*
   Deputy Attorneys General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-5279
Lauren.VanDriesen@law.njoag.gov
Bryce.Hurst@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
Attorney General of the State of New Mexico
By: */s/ Amy Senier*
Amy Senier (BBO No. 672912) *
   Senior Counsel
408 Galisteo Street
Santa Fe, NM 87501
(505) 490-4060
asenier@nmdoj.gov

*Counsel for the State of New Mexico*

**JOSH SHAPIRO**
In his official capacity as Governor of the Commonwealth of Pennsylvania
By: */s/ Aimee D. Thomson*
Jennifer Selber*
   General Counsel
Aimee D. Thomson*
   Deputy General Counsel
Pennsylvania Office of the Governor
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Governor Josh Shapiro*

**PETER F. NERONHA**
Attorney General of Rhode Island
By: */s/ Kathryn T. Gradowski*
Kathryn T. Gradowski*
   Special Assistant Attorney General
Julia C. Harvey*
   Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
kgradowski@riag.ri.gov
jharvey@riag.ri.gov

*Counsel for the State of Rhode Island*

**ERIC HAMILTON**
Deputy Assistant Attorney General

/s/     *Lindsey E. Gilman*
LINDSEY E. GILMAN (AZ Bar No. 034003)
United States Department of Justice
Civil Division
1100 L. Street, NW.
Washington, DC 20005
Phone: (202) 353-4519
Email: Lindsey.E.Gilman@usdoj.gov

/s/  *John Bailey*
 JOHN BAILEY
 United States Department of Justice
Civil Division
950 Constitution Ave. NW
Washington, DC 20005
Phone: (202) 514-6993
Email: john.bailey@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed this Motion with the Court's Electronic Court Filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

June 19, 2026                                                  /s/ *Allyson Slater*
                                                              Allyson Slater