**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

COMMONWEALTH OF
MASSACHUSETTS, *et al.*

                *Plaintiffs,*

   v.

DONALD J. TRUMP, *et al.*

              *Defendants.*

No. 1:25-cv-12162-AK

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move to amend their Complaint to add two additional parties, the Commonwealth of Virginia and the State of Vermont, as Plaintiffs in this matter. As grounds therefor, Plaintiffs state that this request is not "characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the [Plaintiffs'] part.'" *Manning v. Boston Med. Corp.*, 725 F.3d 34, 60-61 (1st Cir. 2013) (quoting *Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 19 (1st Cir. 2013)). Moreover, Defendants will not be prejudiced by the amendment because the addition of the Commonwealth of Virginia and the State of Vermont as Plaintiffs has no substantive effect on the posture of the litigation. Finally, the proposed amendment will have no impact on the Court's Scheduling Order, entered on June 25, 2026. *See* (Doc No. 109).

Plaintiffs have consulted with counsel for Defendants, who take no position on this motion for leave to amend and consent that the amendment will not impact the Scheduling Order.

Under Rule 15(a)(2), a party may amend its pleading if the opposing party consents to the amendment in writing or with leave of the court. *See also Baez v. Baymark Detoxification Services,*

1

*Inc.*, 123 F.4th 62, 67 (1st Cir. 2024) (Rule 15 permits a party to "amend its pleading once as a matter of course and to make further amendments only with the opposing party's written consent or the court's leave") (citation and quotation omitted). Generally, leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2); *Baez*, 123 F.4th at 67; *Manning,* 725 F.3d at 60; *Aponte–Torres v. Univ. of P.R.,* 445 F.3d 50, 58 (1st Cir. 2006). Courts of this district routinely grant motions to amend complaints where the motions are unopposed, *see, e.g., Svitlana Doe, et al. v. Kristi Noem, et al.*, 1:25-cv-10495 (D. Mass. Mar. 27, 2025), ECF No. 61 (order allowing Plaintiffs' Unopposed Motion for Leave to File Second Amendment Complaint where amended pleading added new parties, allegations, and claims), and have in certain instances allowed plaintiffs to repeatedly amend pleadings even where vigorously opposed by defendants. *See, e.g., American Acad. of Pediatrics, et al. v. Robert F. Kennedy, Jr., et al.*, 1:25-cv-11916 (D. Mass. Feb. 13, 2026), ECF No. 241 (order granting plaintiffs' Motion for Leave to File Fourth Amended Complaint, rejecting defendants' arguments that the amendment would be futile, and would cause undue prejudice and delay).

Here, Plaintiffs Amended Complaint merely adds two additional state parties as Plaintiffs, the Commonwealth of Virginia and the State of Vermont, along with factual allegations relevant to their status as Plaintiffs. This amendment will not impact the position of the parties, nor does it alter the legal issues central to Plaintiffs' claims. Accordingly, Plaintiffs' motion will not cause any undue delay in the current schedule for the case. Nor are Plaintiffs acting in a dilatory manner. *See Baez*, 123 F.4th at 67 (leave to amend prior to the expiration of a scheduling order deadline subject to Rule 15(a)'s "leave freely given standard"); *Mulani v. Peter Pan Bus Lines, Inc.*, 802 F.Supp.3d 65, 77-78 (D.Mass. 2025) (denying plaintiff's motion to amend where plaintiff moved twelve days after deadline set in scheduling order, and information plaintiff sought to add through

amended complaint could have been included in original complaint); *Washington Trust Advisors, Inc. v. Arnold*, 678 F.Supp.3d 192, 195 (D.Mass. 2023) (holding that good cause standard did not apply to plaintiff's motion to amend where motion filed before deadline established in scheduling order, and allowing plaintiff's opposed motion to amend). In accordance with Local Rule 15.1(a),[1] Plaintiffs propose this amendment as soon as was reasonably practicable and prior to the deadline set forth in the agreed-upon Scheduling Order entered by the Court.

WHEREFORE, Plaintiffs respectfully request that the Court grant this request and allow Plaintiffs to file a First Amended Complaint, adding two additional parties, the Commonwealth of Virginia and the State of Vermont. The proposed First Amended Complaint is attached hereto as **Exhibit 1**, along with a redlined copy as **Exhibit 2**.


[*signature on next page*]

---

[1] The service requirements in Local Rule 15.1(b) do not apply here, as Plaintiffs are not obligated to serve the added Plaintiffs. Local Rule 15(b) contemplates the addition of a defendant or plaintiff by an opposing party in order to promote judicial efficiency. *See Nett ex rel. Nett v. Belluci*, 269 F.3d 1, 3-4, 4 n.2 (1st Cir. 2023) (Local Rule 15.1 was adopted "to prevent the rampant late addition of parties" and associated delays, but it was "not designed to undermine the liberal amendment policy of Federal Rule of Civil Procedure 15").

Dated: July 2, 2026

**LETITIA JAMES**
Attorney General of the State of New York


/s/ Galen Sherwin_____
Galen Sherwin*
  Special Counsel, Reproductive Rights
Travis W. England*
  Deputy Chief, Civil Rights Bureau
Rabia Muqaddam*
  Chief Counsel for Federal Initiatives
Elizabeth A. Brody*
  Assistant Solicitor General
Andres Ivan Navedo*
Zoe Ridolfi-Starr*
Stephanie Torre*
  Assistant Attorneys General
28 Liberty St.
New York, NY 10005
(212) 416-8000
Galen.sherwin@ag.ny.gov
Travis.england@ag.ny.gov
Rabia.muqaddam@ag.ny.gov
Elizabeth.brody1@ag.ny.gov
Ivan.navedo@ag.ny.gov
Zoe.ridolfi-starr@ag.ny.gov
Stephanie.torre@ag.ny.gov

*Counsel for the State of New York*

Respectfully submitted,

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth
of Massachusetts


/s/ Allyson Slater_____
 Allyson Slater (BBO No. 704545)
   Director, Reproductive Justice Unit
 Adam M. Cambier (BBO No. 690525)
 Jak Kundl (BBO No. 713951)
 Chloe Cable (BBO No. 708179)*
 Morgan Carmen (BBO No. 716769)*
   Assistant Attorneys General
 One Ashburton Place
 Boston, MA 02108
 (617) 963-2278
 allyson.slater@mass.gov
 adam.cambier@mass.gov
 jak.kundl@mass.gov
 chloe.cable@mass.gov
 morgan.carmen@mass.gov

*Counsel for the Commonwealth of
  Massachusetts*

*Pro hac vice motion admitted, pending,
  or forthcoming

4

ROB BONTA
*Attorney General of California*
1300 I St.
Sacramento, CA 95814

WILLIAM TONG
*Attorney General of Connecticut*
165 Capitol Ave.
Hartford, CT 06106

KWAME RAOUL
*Attorney General of Illinois*
115 South LaSalle St.
Chicago, IL 60603

KATHLEEN JENNINGS
*Attorney General of Delaware*
820 N. French St.
Wilmington, DE 19801

BRIAN L. SCHWALB
*Attorney General of the District of Columbia*
400 6th St. NW, Ste. 8100
Washington, DC 20001

ANNE E. LOPEZ
*Attorney General of the State of Hawai'i*
425 Queen St.
Honolulu, HI 96813

AARON M. FREY
*Attorney General of Maine*
6 State House Station
Augusta, ME 04333

ANTHONY G. BROWN
*Attorney General of Maryland*
200 St. Paul Place, 20th Floor
Baltimore, MD 21202

DANA NESSEL
*Attorney General of the State of Michigan*
525 W. Ottawa
Lansing, MI 48909

AARON D. FORD
*Attorney General of Nevada*
100 N. Carson St.
Carson City, NV 89701

MATTHEW J. PLATKIN
*Attorney General of New Jersey*
Richard J. Hughes Justice Complex
25 Market St.
Trenton, NJ 08625

RAÚL TORREZ
*Attorney General of New Mexico*
408 Galisto St.
Santa Fe, NM 87501

JOSH SHAPIRO
*In his official capacity as Governor of
the Commonwealth of Pennsylvania*
30 N. 3rd St., Suite 200
Harrisburg, PA 17101

PETER F. NERONHA
*Attorney General of Rhode Island*
150 South Main St.
Providence, RI 02903

JOSHUA L. KAUL
*Attorney General of Wisconsin*
17 W. Main St.
Madison, WI 53703

5

## CERTIFICATE UNDER LOCAL RULE 7.1(a)(2)

Plaintiffs, through their counsel, conferred with Defendants' counsel to pursuant to Local Rule 7.1(a)(2), and Defendants' counsel stated they took no position on Plaintiffs' motion for leave to file a second amended complaint.

_/s/ Allyson Slater_
Allyson Slater

July 2, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have filed this Motion with the Court's ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).

*/s/ Allyson Slater*
Allyson Slater

Dated: July 2, 2026

7