UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

<table>
<tr><td>

COMMONWEALTH OF MASSACHUSETTS,
*et al.*,

      Plaintiffs,

      v.

DONALD J. TRUMP, in his official capacity as
President of the United States, *et al.*,

      Defendants.

</td><td>

Case No. 1:25-cv-12162

</td></tr>
</table>

### **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, Donald J. Trump, in his official capacity as President of the United States, Todd Blanche, in his official capacity as Acting Attorney General of the United States, and the U.S. Department of Justice ("DOJ") ("Defendants"), through their undersigned attorneys, hereby answer Plaintiffs' First Amended Complaint (ECF No. 113).

At the outset, Defendants object to Plaintiffs' First Amended Complaint for failing to set forth a short and plain statement of the claims showing that Plaintiffs are entitled to relief, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs have set forth 252 paragraphs spanning 77 pages, which, to a large extent, contain not allegations of fact, but instead legal argument, characterizations of academic literature and news articles, and rhetoric unnecessary and inappropriate for a complaint, particularly in an Administrative Procedure Act case ("APA") presenting purely legal issues.[1] Subject to that objection, Defendants respectfully

---

[1] *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (in APA cases, the "task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court"); *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (1993) (when "agency action is challenged" under the

answer as follows:

## INTRODUCTION

1.      This paragraph consists of Plaintiffs' characterization of this lawsuit, argument, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit that on April 22, 2025, then–Attorney General Pamela Bondi issued a memorandum (the "Bondi memo") that contains the excerpted text. Defendants deny any characterization of that memorandum, which speaks for itself, and respectfully refer the Court to that memorandum for a complete and accurate statement of its contents.

2.      This paragraph consists of Plaintiffs' characterization of this lawsuit, argument, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit that certain healthcare providers may have obtained reimbursement from federal health care programs for the provision of gender-related care.

3.      This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

4.      This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied except to admit that certain federal agencies have initiated investigations into whether the provision of gender-related care violates federal law; that as part of those investigations potentially relevant data, including medical records, have been sought; that some providers have announced that they will no longer offer gender-related care; and that on July 25, 2025, the White House issued a press release that contains the quoted text. Defendants deny any characterization of that press release,

APA, the "entire case on review is a question of law, and only a question of law").

which speaks for itself, and respectfully refer the Court to that press release for a complete and accurate statement of its contents.

5.      This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

6.      This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation concerning whether providers in the Plaintiff States provide gender-related case; otherwise denied.

7.      This paragraph consists of argument, legal conclusions, and Plaintiffs' request for relief, rather than allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

## JURISDICTION

8.      This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed necessary, denied.

9.      This paragraph consists of Plaintiffs' characterization of this lawsuit and legal conclusions to which no response is required.

10.      This paragraph consists of legal conclusions to which no response is required.

## PARTIES

11–29. Defendants admit that the Plaintiff States are states within the United States of America. The remainder of these paragraphs contain conclusions of law to which no response is required.

30.     Defendants admit that Donald J. Trump is the President of the United States. The balance of this paragraph contains characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.

31.     Denied. Defendants separately aver that Todd Blanche is the Acting Attorney General of the United States. The balance of this paragraph contains characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.

32.     Defendants admit that DOJ is an Executive Branch agency; that it has Civil and Criminal Divisions; and that the Federal Bureau of Investigation ("FBI") is a law enforcement agency within DOJ.

## FACTUAL ALLEGATIONS

33.     This paragraph contains Plaintiffs' characterization of the First Amended Complaint, to which no response is required.

34–48. These paragraphs purport to characterize the academic literature concerning "transgender identity, gender dysphoria, intersex identity, and healthcare," which is irrelevant to any party's claims or defenses in this APA action, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited materials, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

49.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning the unidentified state laws in this paragraph.

50–52. These paragraphs contain argument, and the third paragraph contains characterizations of a secondary source, which are irrelevant to any party's claims or defenses in this APA action, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited source, which speaks for itself, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

53–64. These paragraphs purport to characterize the "standards of care" and "practice guidelines" published by "major medical associations," among others, concerning gender-related care, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited materials, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

65–86. These paragraphs, which purport to characterize various state "laws, policies, and protections for transgender residents" or providers of gender-related care, contain argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that some Plaintiff States have enacted laws concerning transgender residents and gender-related care, but deny any characterization of the cited provisions, which speak for themselves, and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

87.    This paragraph contains argument and conclusions of law concerning state regulation of the practice of medicine, to which no response is required. To the extent a response is deemed necessary, Defendants admit that states regulate the practice of medicine in various ways, including by requiring licensure.

88.    With respect to the first three sentences of this paragraph, Defendants admit that states have boards that regulate the licensing of medical professionals, and that obtaining a medical

5

license generally requires a having medical degree, completing a residency or fellowship, and passing a written exam. The last sentence contains Plaintiffs' characterization of a law review article, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that the article contains the quoted text, but deny any characterization of the article, which speaks for itself, and respectfully refer the Court to the article for a complete and accurate statement of its contents.

89–105. These paragraphs, which purport to characterize state laws concerning the practice of medicine, contain argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the referenced provisions, which speak for themselves, and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

106.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed required, Defendants lack sufficient knowledge or information to form a belief about the allegations in the first sentence regarding unspecified standards and regulations; otherwise denied.

107.    This paragraph consists of Plaintiff's characterization of this lawsuit, argument, and conclusions of law, to which no response is required.  To the extent a response is deemed required, denied except to admit that, in January 2025, President Trump issued two Executive Orders related to gender-related care, which speak for themselves, and to which Defendants respectfully refer the Court for a complete and accurate statement of their contents.

108.    Defendants admit that on January 20, 2025, President Trump issued Executive Order No. 14,168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government, 90 Fed. Reg. 8615 (Jan. 20, 2025), but deny any characterization

of the Order, which speaks for itself, and respectfully refer to the Court to the Order for a complete and accurate statement of its contents.

109. Defendants admit that Executive Order No. 14,168 contains the quoted text, but deny any characterization of the Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

110. Defendants admit that, on January 28, 2025, President Trump issued Executive Order No. 14,187, Protecting Children from Chemical and Surgical Mutilation, 90 Fed. Reg. 8,771 (Jan. 28, 2025), but deny any characterization of the Order, which speaks for itself, and respectfully refer to the Order for a complete and accurate statement of its contents.

111–12. Defendants admit that Executive Order No. 14,187 contains the quoted text, but deny any characterization of the Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

113. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Executive Order 14,187, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

114. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Executive Order 14,187 and the cited media reports, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents; otherwise denied.

115. This paragraph argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any

characterization of Executive Order 14,187 and the cited press statement, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents; otherwise denied.

116. Defendants admit that Executive Order No. 14,187 contains the quoted text, but deny any characterization of the Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

117–18. These paragraphs contain argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Executive Order 14,187 which speaks for itself, and respectfully refer the Court to that Order for a complete and accurate statement of its contents; otherwise denied.

119. Defendants admit that Executive Order No. 14,187 contains the excerpted text, but deny any characterization of the Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents; otherwise denied.

120. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit the issuance of the Bondi and Shumate Memos. Defendants deny any characterization of those Memos, which speak for themselves, and respectfully refer the Court to those Memos for a complete and accurate statement of their contents.

121–22. Defendants admit that, on April 22, 2025, then–Attorney General Pamela Bondi issued a memorandum titled "Preventing the Mutilation of American Children" (the "Bondi Memo"). Defendants deny any characterization of that Memo, including that it was designated as a "Directive"; the Memo speaks for itself, and Defendants respectfully refer the Court to it for a complete and accurate statement of its contents.

123. Defendants admit that the Bondi Memo contains the quoted text, but deny any characterization of the Memo, which speaks for itself, and respectfully refer the Court to the Memo for a complete and accurate statement of its contents.

124. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization of the Female Genital Mutilation ("FGM") Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

125–27. Defendants admit that the Bondi Memo contains the quoted text, but deny any characterization of the Memo, which speaks for itself, and respectfully refer the Court to the Memo for a complete and accurate statement of its contents.

128. This paragraph characterizes a page on the website of the Centers for Medicare & Medicaid Services ("CMS"). Defendants deny any characterization of that web page, which speaks for itself, and respectfully refer the Court to that web page for a complete and accurate statement of its contents.

129. Defendants admit that the Bondi Memo contains the quoted text, but deny any characterization of the Memo, which speaks for itself, and respectfully refer the Court to the Memo for a complete and accurate statement of its contents.

130. Defendants admit that on June 2, 2025, a message was posted on the Federal Bureau of Investigation's ("FBI") X.com account that contains the quoted text. Defendants deny any characterization of that post, which speaks for itself, and respectfully refer the Court to that post for a complete and accurate statement of its contents.

131. Defendants admit that Assistant Attorney General Brett A. Shumate issued a memorandum on June 11, 2025, with the subject line "Civil Division Enforcement Priorities" (the

"Shumate Memo"). Defendants deny any characterization of the Shumate Memo, including that it was designated as a "Directive"; the Memo speaks for itself, and Defendants respectfully refer the Court to it for a complete and accurate statement of its contents.

132–34. Defendants admit that the Shumate Memo contains the quoted text, but deny any characterization of the Memo, which speaks for itself, and respectfully refer the Court to the Memo for a complete and accurate statement of its contents.

135–37. These paragraphs contain argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

138.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that DOJ issued a press release dated July 9, 2025, that contains the quoted text. Defendant deny any characterization of that press release, which speaks for itself, and respectfully refer the Court to that press release for a complete and accurate statement of its contents; otherwise denied.

139.    With respect to the first sentence of this paragraph, which appears to refer to the Bondi and Shumate Memos, Defendants deny any characterization of those Memos, which speak for themselves, and respectfully refer the Court to those memos for a complete and accurate statement of their contents. The second sentence of this paragraph contains argument, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

140.    Defendants admit that the New York Times published an article dated July 10, 2025, that contains the quoted text, but deny any characterization of that article, which speaks for itself, and respectfully refer the Court to that article for a complete and accurate statement of its contents.

10

141.    This paragraph contains selected excerpts from an 84-page document on the Federal Trade Commission's ("FTC") web site titled "The Dangers of 'Gender-Affirming Care' for Minors." Defendants admit only that the cited document contains the quoted excerpts; they deny any characterization of that document, and respectfully refer the Court to that document for a complete and accurate statement of its contents.

142.    With respect to the first sentence, Defendants admit that the cited document describing Consumer Protection Branch Practice Areas contains the quoted text. The second sentence contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, denied.

143.    The first sentence of this paragraph characterizes a Fox News article dated June 24, 2025. Defendants deny any characterization of that article, which speaks for itself, and respectfully refer the Court to that article for a complete and accurate statement of its contents. The last two sentences contain argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

144.    The first and third sentences of this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.  The second sentence contains argument and conclusions of law to which no response is required.

145.    This paragraph consists of argument and legal conclusions, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the False Claims Act ("FCA"), which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

146.    Defendants admit that the Bondi Memo contains the quoted text, but deny any characterization of the Memo, which speaks for itself, and respectfully refer the Court to the Memo for a complete and accurate statement of its contents.

147.    The first sentence of this paragraph contains argument and conclusions of law to which no response is required.  With respect to the second sentence, Defendants admit only that certain healthcare providers may have obtained reimbursement from federal health care programs for the provision of gender-related care.

148.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

149.    Defendants admit that the FGM Act was enacted in 1996 and is codified at 18 U.S.C. § 116 and 22 U.S.C. § 262K-2. The balance of this paragraph contains argument and legal conclusions, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the FGM Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

150.    This paragraph contains argument, legal conclusions, and characterizations of the FGM Act and a law review article to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the FGM Act and the cited law review article, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

151.    Defendants admit that this paragraph reproduces the definition of FGM contained in the FGM Act, 18 U.S.C. § 116, but deny any characterization of the Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

12

152.    Defendants admit that FGM Act contains the quoted text, 18 U.S.C. § 116, but deny any characterization of the Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

153.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

154.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of Federal Food, Drug, and Cosmetic Act ("FDCA"), which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

155.    Defendants admit the Bondi Memo contains the excerpted text, but deny any characterization of the Memo, and separately aver that this paragraph mischaracterizes the Memo by omitting material intervening language. The Memo speaks for itself, and Defendants respectfully refer the Court to it for a complete and accurate statement of its contents.

156.    The first sentence of this paragraph contains argument, conclusions of law, and characterizations of an FDA web page titled "Understanding Unapproved Use of Approved Drugs 'Off Label,'" to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the FDCA and the FDA web page, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents. Defendants admit, however, that the FDCA does not prohibit the off-label use of approved drugs. The remainder of this paragraph characterizes an AHRQ web page and a law review article. Defendants deny any characterization of those materials, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

157.   Denied.

158.   Denied.

159.   Defendants admit that DOJ's Office of Public Affairs issued a press release dated July 2, 2025, that contains the quoted text.  Defendants deny any characterization of that press release, which speaks for itself, and respectfully refer the Court to that press release for a complete and accurate statement of its contents.

160.   This paragraph contains argument, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

161.   As to the first three sentences of this paragraph, Defendants admit that on February 19, 2025, issued a guidance document that contains the quoted language. Defendants deny any characterization of that guidance, which speaks for itself, and respectfully refer the Court to that guidance for a complete and accurate statement of its contents. As to the last sentence, Defendants admit that the quoted language appears on the cited Office on Women's Health ("OASH") web page. Defendants deny any characterization of that web page, which speaks for itself, and respectfully refer the Court to that web page for a complete and accurate statement of its contents.

162.   As to the first four sentences, Defendants admit that on May 1, 2025, HHS published a report titled "Treatment for Pediatric Gender Dysphoria: Review of Evidence and Best Practices" that contains the quoted text. Defendants deny any characterization of the report, which speaks for itself, and respectfully refer the Court to the report for a complete and accurate statement of its contents. With respect to the last sentence, Defendants admit that the cited press release from the American Academy of Pediatrics ("AAP") contains the quoted text, but otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations.

163–64. Defendants admit that on May 28, 2025, a letter from the Secretary of Health and Human Services was posted on HHS's X.com account that contains the quoted text. Defendants deny any characterization of the X.com post and letter, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

165–67. Defendants admit that CMS issued a letter dated May 28, 2025, titled "Urgent Review of Quality Standards and Gender Transition Procedures" that contains the quoted text. Defendants deny any characterization of that letter, which speaks for itself, and respectfully refer the Court to the letter for a complete and accurate statement of its contents.

168.     Denied.

169.     This paragraph contains argument and legal conclusions, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit that the cited AAP press release contains the quoted text.

170.     This paragraph characterizes various letters, press releases, and statements by state officials.  Defendants deny any characterization of those materials, which speak for themselves, and respectfully refer the Court to those letters for a complete and accurate statement of their contents.

171.     With respect to the first sentence, Defendants admit that the cited press release from a state official contains the quoted text, but deny any characterization of that press release, which speaks for itself, and respectfully refer the Court to that press release for a complete and accurate statement of its contents. With respect to the second sentence, Defendants admit only that the cited White House press release contains the quoted text, but deny Plaintiffs' characterization of the press release, and separately aver that this sentence mischaracterizes the press release by misstating

its context. The press release speaks for itself, and Defendants respectfully refer the Court to it for a complete and accurate statement of its contents.

172. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

173. Defendants admit that the cited White House press release contains the quoted text, but deny any characterization of the press release, which speaks for itself, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

174. Denied.

175. Denied except to admit that some providers have announced that they will no longer offer gender-related care.

176. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

177. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that Children's Hospital Los Angeles announced that it would close its Center for Transyouth Health and Development on July 22, 2025, and that the quoted text appears in the news article.

178. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the text quoted in the last sentence appears in the cited news article.

179. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the text quoted in the last sentence appears in the cited statement.

180.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first two sentences of this paragraph. In addition, the last sentence contains argument and speculation, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

181.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, except to admit that the text quoted in the second sentence appears in the cited statement.

182.    The beginning of this paragraph characterizes a White House article dated July 25, 2025, and titled "President Trump Promised to End Child Sexual Mutilation—and He Delivered," a copy of which is attached as Exhibit A to Plaintiffs' Complaint. Defendants deny any characterization of the article, which speaks for itself, and respectfully refer the Court to the article for a complete and accurate statement of its contents. The remainder of this paragraph, including the lettered subparagraphs, characterizes various news articles and press statements. Defendants deny any characterization of those materials, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

183.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

184.    Denied.

185.    This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

186. This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

187. This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

188. This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

189. This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

190. This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

191. This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit only that States have traditional police powers and deny any characterization of the scope of that authority.

192. This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Tenth Amendment, which speaks for itself, and respectfully refer the Court to that provision for a complete and accurate statement of its contents.

193.    This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited law review article, which speaks for itself, and respectfully refer the Court to that article for a complete and accurate statement of its contents.

194.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

195.    Defendants admit that Executive Order 14,187 contains the quoted text, but deny any characterization of the Order, which speaks for itself, and respectfully refer the Court to the Order for a complete and accurate statement of its contents.

196.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit that the two quotations in the second sentence appear in a July 9, 2025, DOJ press release and the Bondi Memo, respectively, to which Defendants respectfully refer the Court for a full and complete statement of their contents.

197.    Denied.

198.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph. In addition, the last sentence contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

199.    This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

200.    This paragraph contains argument, speculation, and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

201.    Denied.

## CAUSES OF ACTION

### COUNT ONE

202.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

203.    This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denied except to admit that DOJ is a federal agency.

204.    This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statute and case law, which speak for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

### COUNT TWO

210.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

211. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denied except to admit that DOJ is a federal agency.

212. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statutory provisions, which speak for themselves, and respectfully refer the Court to those provisions for a complete and accurate statement of their contents.

213. Denied.

214. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

215. This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the FGM Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

216. This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the FDCA, which speaks for itself, and respectfully refer the Court to the FDCA for a complete and accurate statement of its contents.

217. This paragraph consists of argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the FCA, which speaks for itself, and respectfully refer the Court to the FCA for a complete and accurate statement of its contents.

218. Denied.

219.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

220.    Denied.

## COUNT THREE

221.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

222.    This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denied except to admit that DOJ is a federal agency.

223.    This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the cited statutory provision, which speaks for itself, and respectfully refer the Court to that provision for a complete and accurate statement of its contents.

224.    Denied.

225.    This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Tenth Amendment and the cited case law, which speaks for themselves, and respectfully refer the Court to those materials for a complete and accurate statement of their contents.

226.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the scope of Executive power, as well as the cited case law, which speaks for itself, and respectfully refers the Court to that case law for a complete and accurate statement of their contents.

227.    This paragraph contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that States have some power to regulate the practice of medicine and deny any characterization of the scope of that authority.

228.    The first two sentences of this paragraph contain argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that States have some power to regulate the practice of medicine but deny any characterization of the scope of that authority, as well as any characterization of the cited case law, and respectfully refer the Court to that case law for a complete and accurate statement of its contents. The third sentence is denied.

229.    The allegations in this paragraph repeat those in paragraph 198, and Defendants restate and incorporate by reference their response to that paragraph here.

230.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

231.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

232.    Denied.

233.    Denied.

234.    Denied.

## COUNT FOUR

235.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

236.    Denied.

23

237.    This paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants admit that States have some power to regulate the practice of medicine; otherwise denied.

238.    The allegations in this paragraph again repeat those in paragraph 198, and Defendants restate and incorporate by reference their response to that paragraph here.

239.    Denied.

240.    Denied.

241.    Denied.

**COUNT FIVE**

242.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

243.    The first sentence of this paragraph is denied. The remainder of this paragraph contains argument and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

244.    Denied.

245.    Denied.

246.    The allegations in this paragraph repeat those in paragraph 215, and Defendants restate and incorporate by reference their response to that paragraph here.

247.    The allegations in this paragraph repeat those in paragraph 216, and Defendants restate and incorporate by reference their response to that paragraph here.

248.    The allegations in this paragraph repeat those in paragraph 217, and Defendants restate and incorporate by reference their response to that paragraph here.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

## PRAYER FOR RELIEF

The remaining paragraphs of the First Amended Complaint contain a prayer for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the prayer for relief, and further aver that Plaintiffs are not entitled to the requested relief or any other relief from Defendants.

Defendants deny any and all allegations in the First Amended Complaint not expressly admitted herein to which a response is deemed required.

## DEFENSES

1.     This Court lacks subject matter jurisdiction over this action.

2.     The First Amended Complaint fails to state a claim upon which relief can be granted.

3.     Defendants' actions did not violate the U.S. Constitution, the FDCA, the FCA, or the FGM Act.

4.     The Bondi and Shumate Memos do not constitute final agency action under the APA.

5.     Defendants did not violate the APA.

## CONCLUSION

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated: July 24, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC HAMILTON
Deputy Assistant Attorney General

/s/John Bailey
JOHN BAILEY
Counsel
United States Department of Justice
Civil Division
950 Constitution Ave. NW
Washington, DC 20005
Phone: (202) 514-6993
Email: john.bailey@usdoj.gov

/s/ Lindsey E Gilman
LINDSEY E. GILMAN
Trial Attorney
United States Department of Justice
Civil Division
1100 L. Street, NW.
Washington, DC 20005
Phone: (202) 353-4519
Email: Lindsey.E.Gilman@usdoj.gov

*Counsel for Defendants*

26

## CERTIFICATE OF SERVICE

I, Lindsey E. Gilman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Lindsey E. Gilman*
Lindsey E. Gilman

Dated: July 24, 2026.

27