**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

COMMONWEALTH OF MASSACHUSETTS, *et al.*,

      Plaintiffs,

      v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

      Defendants.

Case No. 1:25-cv-12162

## **DEFENDANTS' MOTION TO WAIVE LOCAL RULE 56.1**

Defendants respectfully request that the Court waive Local Rule 56.1's requirement to submit a statement of undisputed facts in support of their motion for summary judgment, which they submit is inapplicable to this Administrative Procedure Act (APA) case.

Local Rule 56.1 ordinarily requires that a motion for summary judgment "include a concise statement of the material facts of record as to which the moving party contends there is *no* genuine issue to be tried." L.R. 56.1 (emphasis added). An opposition to the motion must then "include a concise statement of the material facts of record as to which it is contended that there *exists* a genuine issue to be tried." *Id.* (emphasis added).

This requirement is inapplicable here. As previously explained, APA cases are ordinarily resolved on the basis of the administrative record compiled by the agency. *See* ECF No. 108 at 2–3 (citing, *inter alia*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)). In such cases, the district court does not function as a trier of fact. Instead, "when a district court is reviewing agency action," it "sit[s] as an appellate tribunal." *Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1222 (D.C. Cir. 1993). Its "task" is "to apply the appropriate APA

1

standard of review to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power*, 470 U.S. at 743–44. And the "entire case on review is a question of law, and only a question of law." *Marshall Cty.*, 988 F.2d at 1226. There is therefore no need to identify disputes about any "genuine issue to be tried." L.R. 56-1. Rather, the case should be decided on the basis of the administrative record, the adequacy of which Plaintiffs do not dispute. *See* ECF No. 108 at 3 (reserving Plaintiffs' right "to request discovery, supplementation of the record, or extra-record discovery, should the record prove inadequate," and proposing that any such motion would be filed by July 24, 2026); ECF No. 109 (adopting this proposal).

Pursuant to Local Rule 7.1(a)(1)(2), undersigned counsel conferred with counsel for Plaintiffs, who indicated that Plaintiffs take no position on this motion, although they plan to file a statement of undisputed facts with their cross-motion for summary judgment. Defendants note, however, that in at least one other recent APA case in this district, Massachusetts has affirmatively requested the same relief sought here. *See* Pl.'s Mot. for Summ. J. at 2, ECF No. 115, *Massachusetts v. U.S. Dep't of Health & Human Servs.*, No. 17-11930 (July 31, 2019) ("request[ing] that th[e] Court waive the requirement in Local Rule 56.1 that it submit a statement of undisputed facts in support of its motion . . . [b]ecause this case is brought pursuant to the APA and judicial review of the Rules is based upon the administrative record," meaning that "a statement of undisputed facts is not necessary to the disposition of the motion") (citing *Boston Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016) (in APA cases, the district court does not "determine whether a dispute of fact remains," but instead reviews the claims under the standard set forth in 5 U.S.C. § 706(2)).

For these reasons, Defendants respectfully request that the Court waive the requirement to submit a statement of undisputed facts with their summary judgment motion.

Dated: August 14, 2026.                    Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General
                                           Civil Division

                                           ERIC HAMILTON
                                           Deputy Assistant Attorney


                                           */s/ John Bailey*
                                           JOHN BAILEY
                                           LINDSEY E. GILMAN
                                           Trial Attorney
                                           United States Department of Justice
                                           Civil Division
                                           950 Constitution Ave. NW
                                           Washington, DC 20005
                                           Phone: (202) 514-6993
                                           Email: john.bailey@usdoj.gov

                                           *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Lindsey E. Gilman, hereby certify that I served a true copy of the above document upon all counsel of record via this court's electronic filing system and upon any non-registered participants via first class mail.

Dated: August 14, 2026.

/s/ Lindsey E. Gilman
Trial Attorney