**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-12162 |

**[PROPOSED] ORDER**

This matter comes before the Court on the motion, dated September 14, 2026, of Plaintiffs the Commonwealth of Massachusetts, the State of New York, the State of California, the State of Connecticut, the State of Illinois, the State of Delaware, the District of Columbia, the State of Hawai‘i, the State of Maine, the State of Maryland, the State of Michigan, the State of Nevada, the State of New Jersey, the State of New Mexico, Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania, the State of Rhode Island, the State of Vermont, the State of Virginia, and the State of Wisconsin (the "Plaintiff States") for summary judgment in their favor on all claims. Having reviewed the Plaintiff States' memorandum of law, declarations, and evidence in support of the motion, as well as papers filed in opposition to this motion, and in accordance with Federal Rule of Civil Procedure 56, and for good cause shown, it is hereby ORDERED:

1. For the reasons articulated in Plaintiffs' Motion for Summary Judgment briefing, and for the reasons set forth in the Court's accompanying opinion, Defendants' Motion for

Summary Judgment is DENIED in full, Plaintiffs' Motion for Summary Judgment is GRANTED in full, and Judgment is entered in Plaintiff States' favor on all counts;

2. Pursuant to 5 U.S.C. § 706(2), the Court holds unlawful, sets aside, and VACATES Defendants' directive "Preventing the Mutilation of American Children" in its entirety and Section 3 of Defendants' directive "Civil Division Enforcement Priorities" as contrary to law, in excess of statutory authority, and contrary to constitutional right or privilege, specifically the 10th Amendment to the U.S. Constitution;

3. Pursuant to 28 U.S.C. § 2201(a), the Court further DECLARES that the acts of (i) providing gender-affirming care (defined as social, psychological, behavioral, and medical interventions designed to support and affirm an individual's gender identity, including treatment for gender dysphoria, gender incongruence, gender-related distress, and related conditions and diagnoses, and encompassing a range of treatments and services across multiple medical disciplines, including puberty blocking medications, hormone therapy, surgical interventions, voice therapy, and counseling), to a person under 19 years old that is, in he good faith clinical judgment of the treating health care provider, medically necessary, and is provided in accordance with the standard of care; (ii) filling, dispensing, and processing prescriptions for such care; or (iii) billing payors for such care in accordance with industry-standard practices at the time of care, do not violate the Female Genital Mutilation statute (18 U.S.C. § 116); the Food, Drug, and Cosmetic Act (21 U.S.C. ch. 9 §§ 301 et seq.); or the False Claims Act (31 U.S.C. § 3729). Specifically:

a. It is further DECLARED that "female genital mutilation," as defined in 18 U.S.C. §116, does not include provision of gender-affirming care by a licensed health care provider.

b. It is further DECLARED that a health care provider licensed in Plaintiff States who performs a procedure which constitutes gender-affirming care, and does so in Plaintiff States, is not thereby performing a procedure that is "not necessary to the health of the person on whom it is performed," *see* 18 U.S.C. §116(b)(1), or performing the procedure "for non-medical reasons," *id*. §116(e).

c. It is further DECLARED that coding and billing payors, in accordance with industry-standard practices at the time of care, for treatments for gender dysphoria, gender incongruence, gender-related distress, or related conditions is not illegitimate nor categorically "false" or "fraudulent" as those terms are used in 31 U.S.C. § 3729(a) and related provisions under the False Claims Act.

d. It is further DECLARED that a health care provider who counsels a patient during a medical appointment about the off-label use of an FDA-approved drug for gender-affirming care does not thereby violate the mislabeling or misbranding provisions of the FDCA. *See* 21 U.S.C. §331, 352.

e. It is further DECLARED that a health care provider that purchases, stores, prescribes, dispenses, or administers FDA-approved drugs as part of providing gender-affirming care does not thereby violate the mislabeling or misbranding provisions of the FDCA. *See* 21 U.S.C. §331, 352.

4. It is further DECLARED that the above provisions apply to all licensed health care providers operating within Plaintiff States, including but not limited to doctors, nurses, advanced practice clinicians, therapists, speech pathologists, pharmacists, laboratories, hospitals, and clinics.

5. The Court permanently ENJOINS Defendants (including their successors in office), as well as their officers, agents, employees, attorneys, and any other persons or agencies in active concert or participation with them as follows:

a. Defendants shall not enforce the FCA, FDCA, or FGM statute in the Plaintiff States in violation of the declaratory relief set forth above;

b. Defendants shall not collaborate with other federal, state, or local agencies or other individuals to enforce the FCA, FDCA, or FGM statute in the Plaintiff States in violation of the declaratory relief set forth above;

c. Defendants shall not take any materially similar agency action by any other name as a means of implementing the Directives in the Plaintiff States in violation of the declaratory relief set forth above.

6. Within seven calendar days of entry of this Judgment, Defendants' attorneys shall provide written notice of this Judgment to all Defendants and their employees and shall file a copy of the notice on the docket, along with a status report informing this Court of the steps they have taken to ensure this Order is effectuated.

7. The Court retains jurisdiction to enforce this injunction and Judgment.

The Clerk is directed to enter judgment in conformity with the foregoing.

It is so ordered.

DATED this _____ day of ________________ 2026.

_____________________________________
THE HONORABLE ANGEL KELLEY
United States District Court Judge
District of Massachusetts